DECISION
Sears, Roebuck and Company (Sears), the defendant in this case, has filed a Motion to Dismiss pursuant to Rule 12(b) of the Rhode Island Rules of Civil Procedure. The plaintiff, Clarence Ballew (Mr. Ballew), objects to the motion.
On September 30, 2005, Mr. Ballew filed a complaint in this Court against several defendants, alleging that he has suffered personal injuries as a result of his exposure to asbestos and asbestos-containing products. Sears was not listed among these original defendants. On June 14, 2006, this Court entered an order allowing Mr. Ballew to file an amended complaint which was filed on June 20, 2006, and named twenty-eight additional defendants in this case, including Sears. For an unknown reason, all of the newly named defendants, except Sears, were immediately served with the summons and amended complaint. When Mr. Ballew's counsel became aware of this omission, the summons and complaint were delivered to Sears' designated agent for service of process in Rhode Island, CT Corporation System (CT Corporation), via certified mail. The return receipt on the certified mailing was signed on October 12, 2006.
Sears then filed this motion to dismiss, arguing that under Rule 4 of the Rhode Island Rules of Civil Procedure, the service of the summons and complaint must have been done in person, and not by certified mail. Sears contends that a defendant must be properly served in order for the court to secure personal jurisdiction over it; thus, the improper service in this case removes Sears from the jurisdiction of this Court. Mr. Ballew objects to the motion, claiming that service upon CT Corporation via certified mail is proper because CT Corporation instructs plaintiffs to serve summons and complaints by certified mail. Mr. Ballew has stated, and Sears does not contest, that CT Corporation has been accepting service of process by certified mail for several years. In addition, Mr. Ballew sent the summons by certified mail only after contacting CT Corporation and speaking with a representative, who testified that service by certified mail was acceptable. CT Corporation's acceptance of certified mail comports with a general trend in this area that encourages defendants to waive personal service of process in order to reduce inefficiencies and costs.[1] See Super. R. Civ. P. 4(d) (encouraging waiver of personal service of process). Sears' own memorandum includes a copy of the signed certified mail form attesting to the delivery of the summons on October 12, 2006, within the proscribed statutory time period. For the foregoing reasons, the Court finds that the service was proper in this case.
However, the Court recognizes that, although service was made within the proper time limits under Rule 4(l) of the Rhode Island Rules of Civil Procedure, Sears was the only defendant not immediately served after the amended complaint was filed. Therefore, in the interest of justice and pursuant to Rule 42(b) of the Rhode Island Rules of Civil Procedure, the Court severs Mr. Ballew's claims against Sears from his claims against the other defendants, and orders a separate trial for Sears, which will commence on January 21, 2007.
Accordingly, Sears' Rule 12(b) motion is denied. Counsel shall submit an order for entry.
[1] This has been an accepted method relative to the asbestos calendar for years; a method with which Sears is quite familiar.